**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DAVID GROSSMAN,**

                          **Plaintiff,**

                v.                                    1:05-CV-395
                                                      (FJS/DRH)

**LOCAL 1118 OF THE COMMUNICATION**
**WORKERS OF AMERICA, AFL-CIO; THE**
**COMMUNICATION WORKERS OF**
**AMERICA, AFL-CIO, INTERNATIONAL;**
**VERIZON NEW YORK, INC.; FINE, OLIN**
**& ANDERMAN, P.C.; and DANIEL R.**
**SIMONETTE, ESQ.,**

                          **Defendants.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **THE DANDRIDGE LAW FIRM**<br>1285 Avenue of the Americas, 35th Floor<br>New York, New York 10019<br>Attorneys for Plaintiff | **SHERILYN R. DANDRIDGE, ESQ.** |
| **WALTER THAYER & MISHLER, P.C.**<br>756 Madison Avenue<br>Albany, New York 12208<br>Attorneys for Plaintiff | **LANNY E. WALTER, ESQ.** |
| **SEMEL YOUNG & NORUM**<br>275 Seventh Avenue, Ste. 2300<br>New York, New York 10001<br>Attorneys for Defendants Local 1118<br>of the Communications Workers of America,<br>AFL-CIO and the Communications Workers<br>of America, AFL-CIO | **GABRIELLE SEMEL, ESQ.** |

| | |
|---|---|
| **EPSTEIN BECKER & GREEN, P.C.**<br>250 Park Avenue<br>New York, New York 10177<br>Attorneys for Defendant Verizon New York, Inc. | **MATTHEW T. MIKLAVE, ESQ.** |
| **MCNAMEE, LOCHNER, TITUS & WILLIAMS, P.C.**<br>677 Broadway<br>P.O. Box 459<br>Albany, New York 12207-0459<br>Attorneys for Defendant Fine, Olin & Anderman, P.C. | **DAVID J. WUKITSCH, ESQ.** |

**SCULLIN, Senior Judge**

## ORDER

On May 7, 2006, Plaintiff filed an emergency motion for a temporary restraining order to stay arbitration pending the hearing on his motion to vacate the parties' stipulation discontinuing this action and settlement agreement pursuant to Rules 41(a)(1) and 60(b) of the Federal Rules of Civil Procedure and to restore this action to the Court's calendar. *See* Dkt. No. 16. On May 8, 2006, the Court issued a Text Order, denying Plaintiff's motion for a temporary restraining order and scheduling a hearing for oral argument in support of and in opposition to Plaintiff's motion.[1]

Plaintiff filed his complaint on March 30, 2005. *See* Dkt. No. 1. Only Defendant Verizon New York, Inc. filed an answer in response to that complaint. *See* Dkt. No. 8. In August 2005, the parties entered into a Settlement Agreement, which provided, in pertinent part, that

> [i]n settlement of this action alleging a breach of the duty of fair representation, It is Hereby Stipulated between the parties who

---

[1] Subsequently, the Court issued a Scheduling Order, in which it informed counsel that it would decide the motion based upon the parties' submissions without oral argument.

>appeared in this action as follows:
>
>1. Local 1118 of the Communication Workers of America, AFL-CIO and The Communication Workers of America, AFL-CIO, International (hereafter union defendants) and Verizon New York, Inc. (hereafter Verizon) agree to proceed to arbitration with reference to plaintiff's 30-day suspension on Grievance No. G00-00-3635.
>
>2. The union and Verizon have selected Stuart Pohl, Esq. of Buffalo, NY to serve as arbitrator in this matter, and are presently arranging for a date to commence the arbitration proceeding.
>
>3. The arbitration will be scheduled to commence as soon as possible, with the **scheduling to happen no later than December 31, 2005 although the arbitration itself may commence thereafter at the earliest feasible date.**  If scheduling does not occur by December 31, 2005, the parties agree that this action may be restored to active status or re-filed within 60 days after December 31, 2005.  If plaintiff is required to re-file this action, defendants agree that this new filing will be deemed by the parties to have occurred on March 30, 2005, the date on which this action was commenced. . . .
>
>4. The union agrees to pay plaintiff's attorney fees in the amount of $1300 upon the filing of a stipulation discontinuing this action.
>
>5. In consideration for the above, plaintiff agrees to discontinue this action with prejudice subject to paragraph 3 *supra*.
>
>6. Plaintiff understands and acknowledges that no other representations have been made other than those set forth herein.

*See* Declaration of Sherilyn R. Dandridge, dated May 5, 2006 ("Dandridge Aff."), at Exhibit "D" (emphasis added).[2]

---

[2] Defendants Fine, Olin & Anderman, P.C. and Daniel R. Simonette did not sign this Settlement Agreement, apparently because they were never served with Plaintiff's complaint. *See* Affidavit of Marvin Anderman, sworn to June 14, 2006, at ¶¶ 5-6, 9. However, Mr. Anderman notes that "[i]n the fall of 2005, I discussed this case with representatives of the union defendants. As a result of these discussions, it was agreed that [Fine, Olin & Anderman, P.C.] and the union defendants would jointly pursue a settlement with plaintiff. As part of the

(continued...)

Plaintiff's attorney (Walter, Thayer & Mishler, P.C.) signed the Settlement Agreement on August 22, 2005; the Union Defendants' attorney (Semel Young & Norum) signed the Settlement Agreement on August 19, 2005, and Defendant Verizon's attorney (Epstein Becker & Green, P.C.) signed the Settlement Agreement on August 22, 2005. *See id.* at Exhibit "D." These same parties signed the Stipulation Discontinuing the Action on October 22, 2005, October 19, 2005, and October 5, 2005, respectively. *See id.* at Exhibit "E." The Court so-ordered that stipulation on January 13, 2006. *See id.*; Dkt. No. 13.

Plaintiff now moves to vacate the stipulation of discontinuance and the settlement agreement, pursuant to Rules 41(a)(1) and 60(b)(4) and (6) of the Federal Rules of Civil Procedure. In support of his motion, Plaintiff argues that the stipulation of discontinuance is ineffective against all non-appearing Defendants and is void because no notice of dismissal was filed. In addition, Plaintiff contends that the settlement agreement is void with respect to the Union Defendants because they never appeared in this action and is ineffective because Defendants have breached that agreement.

Even a cursory review of the record demonstrates that none of Plaintiff's arguments has merit. Pursuant to Rule 41(a)(1), "an action may be dismissed by the plaintiff without order of the court . . . (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. . . ." Fed. R. Civ. P. 41(a)(1)(ii). Alternatively, "an action shall not be dismissed at

---

[2](...continued)
settlement, on behalf of my law firm, I agreed to absorb the plaintiff's legal fees provided such payment would result in a dismissal of the action against [Fine, Olin & Anderman, P.C.] and Attorney Simonette." *See id.* at ¶ 8. Finally, Mr. Anderman states that "[o]n November 9, 2005, I mailed a $1,300.00 check to plaintiff's attorney 'in full settlement' of Mr. Grossman's claims against [Fine, Olin & Anderman, P.C.] and Attorney Simonette (see Exhibit "B" annexed hereto). I have verified that this check was cashed by plaintiff's counsel." *See id.* at ¶ 10.

the plaintiff's instance [sic] save upon order of the court and upon such terms and conditions as the court deems proper. . . ." Fed. R. Civ. P. 41(a)(2).

As a preliminary matter, the Court notes that, although Plaintiff relies upon subparagraph (1) of Rule 41(a) to support his motion, that subparagraph applies **only** to those cases which are discontinued **without** a court order. That is not the situation in this case because the Court "so ordered" the parties' stipulation of discontinuance. Thus, subparagraph (2) of Rule 41(a) governs this case.

Alternatively, even if subparagraph (1) were applicable, all of the parties who had appeared in this action, i.e., Plaintiff and Defendant Verizon New York, Inc., signed the stipulation of dismissal. Thus, the stipulation complies with Rules 41(a)(1)'s requirements. The Court also notes that, despite Plaintiff's assertion to the contrary, there is nothing in the language of Rule 41(a)(1) to suggest that a stipulation of discontinuance signed by all the parties that have appeared in an action is only effective with respect to the claims against those parties. In fact, the title of the Rule, "Dismissal of Actions," suggests the opposite – a properly signed Rule 41(a)(1) stipulation disposes of the entire action: all of the claims between all of the parties, whether or not those parties have appeared in the action.

Furthermore, because subparagraph (2) of Rule 41(a) applies to this case, it is immaterial whether all of the parties signed the stipulation. Under Rule 41(a)(2), it is the court's order that matters – not whether the parties have reached an agreement about the efficacy of dismissing the action. Moreover, despite Plaintiff's assertion to the contrary, Rule 41(a)(2) does not require, at least under the circumstances of this case, that the Court consider "(1) the extent to which the suit has progressed, including the defendant's effort and expense in preparing for trial, (2) the

plaintiff's diligence in prosecuting the action or in bringing the motion, (3) the duplicative expense of re-litigation, and (4) the adequacy of plaintiff's explanation for the need to dismiss." *See* Plaintiff's Reply Memorandum of Law at 10 (citations omitted). To the extent that any of these considerations are relevant, they are clearly intended to protect the defendants to an action, **not** a plaintiff who seeks to vacate the dismissal of his action because he is unhappy with his earlier decision to end the litigation. Nor does Rule 41(a)(2) require that a court hold a Rule 16 conference or conduct a hearing for the purpose of having the parties place their stipulation of discontinuance or their settlement agreement on the record in open court. *See id.* at 9.

Therefore, for all of the above-stated reasons, the Court finds that, under either subparagraph (1) or (2) of Rule 41(a), the parties' stipulation of discontinuance is valid. Accordingly, the Court concludes that Rule 41(a) provides no support for Plaintiff's motion to vacate either the stipulation of discontinuance or the settlement agreement.

As an alternative basis for his motion, Plaintiff relies upon Rule 60(b), which provides, in pertinent part, that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; . . . (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) (quotation and other citation omitted). Alternatively, if a party relies upon Rule 60(b)(6) as a basis for his motion, he "must show 'extraordinary circumstances' to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (quotation

omitted).

Although not entirely clear, it appears that the basis for Plaintiff's argument that the parties' stipulation of discontinuance and settlement agreement are void is his belief that the Court lacks personal jurisdiction over those Defendants who have not appeared in this action, i.e., all Defendants except Verizon New York, Inc. However, there is absolutely no legal support for the proposition that a plaintiff can rely upon the court's alleged lack of personal jurisdiction over the defendants to an action to vacate a judgment under Rule 60(b), or any other rule for that matter. As Rule 12(h)(1) makes clear, lack of personal jurisdiction is an **affirmative defense** that a defendant waives "(b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Fed. R. Civ. P. 15(h)(1).

In this case, none of the Defendants have ever challenged the Court's jurisdiction over them; thus, under Rule 15(h)(1), they have waived this defense. Therefore, the Court concludes that Plaintiff may not rely upon Rule 60(b)(4) as a basis for vacating the parties' stipulation of discontinuance and settlement agreement.

Finally, relying upon Rule 60(b)(6), Plaintiff argues that "all defendants, including former employer Verizon, have breached the spirit of the [Settlement Agreement], and thus, under the express terms of the [Settlement Agreement] this action should be restored to the Court's calendar." *See* Plaintiff's Memorandum of Law at 8 (citing Dandridge Declaration, Ex. D, § 3). Specifically, Plaintiff urges that, although "the arbitration proceeding had been 'scheduled' before December 31, 2005, pursuant to the [Settlement Agreement], to date, nothing substantive has occurred in this so-called 'arbitration'. What has occurred are scheduling delays pre and post

December 31 and the arbitration proceeding is moving at a snail's pace." *See id.* (citing Affidavit of David Grossman §§ 4-8) (footnote omitted).  Finally, Plaintiff contends that he "is extremely prejudiced by the delay in resolving the subject matter of this lawsuit . . . [and] that he 'would never have agreed to arbitration had [he] know[n] this process would be subject to so many delays, which violate the spirit of the [Settlement Agreement]'s paragraph 3'." *See id.* (citing Affidavit of David Grossman §§ 6, 8).

Although Plaintiff may be unhappy with the deal he struck with Defendants, which culminated in the parties' stipulation of discontinuance and settlement agreement, there is nothing in the record to support his conclusion that Defendants have breached the settlement agreement. As Plaintiff acknowledges, Defendants scheduled the arbitration proceeding prior to December 31, 2005, as the Settlement Agreement required them to do.  Moreover, the Settlement Agreement contemplated that the arbitration proceeding itself would not commence until after December 31, 2005, by specifically providing that, although the parties would schedule the arbitration before December 31, 2005, "the arbitration itself **may commence thereafter** at the earliest feasible date." *See* Exhibit "D" at ¶ 3 (emphasis added).  In fact, the arbitration proceeding commenced on February 7, 2006, and the hearing continued on May 7, 2006. *See* Union Defendants' Memorandum of Law at 3 (citing Talwar Decl., ¶¶ 5, 6).  Moreover, two additional days of hearings are scheduled for August 7, 2006, and September 15, 2006. *See id.* (citing Talwar Decl., ¶ 6).  Furthermore, there is no indication, despite Plaintiff's assertion to the contrary, that Defendants are "dragging their feet" with regard to these proceedings.  Therefore, the Court concludes that Plaintiff has failed to demonstrate that there is any basis, let alone "extraordinary circumstances," that would warrant the relief he seeks under Rule 60(b)(6).

Accordingly, for all of the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to vacate the parties' "Stipulation Discontinuing Action" and "Settlement Agreement" and to restore this action to the Court's calendar is **DENIED.**

**IT IS SO ORDERED.**

Dated: July 10, 2006
      Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge